AO 106 (Rev 04/010) Application for Search Warrant          AUTHORIZED AND APPROVED/DATE

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

In the Matter of the Search of )
*(Briefly describe the property to be search* )
*Or identify the person by name and address)* )   Case No: M-20-    -STE
Bargain Guns )
22873 State Highway 74 )   M-21-001-STE
Purcell, Oklahoma 73080 )

**FILED**

4:05 pm, Jan 04, 2021
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
By: Andrea Caster, Deputy Clerk

## APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(identify the person or describe property to be searched and give its location)*:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is *(check one or more)*:
- ☒ evidence of the crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(m) | Making False Entry or Failure to Make Entry in Records by Federal Firearms Dealer |

The application is based on these facts:

See attached Affidavit.

☒ Continued on the attached sheet(s).
☐ Delayed notice of [No. of Days] days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

*Applicant's signature*
Jared Lowe, Special Agent, ATF

Sworn to before me and signed in my presence.

Date: **Jan 4, 2021**

*Judge's signature*

City and State: Oklahoma City, Oklahoma      SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Jared H. Lowe, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) being duly sworn, depose and state that:

## INTRODUCTION

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so since January 2015.  Prior to Employment with ATF, I was employed as a police officer in the State of Oklahoma for approximately 10 years.  I have been employed in law enforcement for over fifteen years. I am a graduate of the Federal Law Enforcement Training Center (FLETC) Criminal Investigations Training Program (CITP) and the ATF National Academy. As part of my duties as a Special Agent with ATF, I investigate criminal violations related to firearms trafficking, and the illegal possession of firearms by prohibited persons. I am currently assigned to the Oklahoma City Field Office and am charged with investigating violations of Federal Law, including violations of the Gun Control Act of 1968, as amended (Title 18, United States Code, Sections 921 et seq.), explosives, arson, alcohol, and tobacco laws.

2. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants under the authority of the United States.

3. I am investigating Amy Michele CARWILE (CARWILE), co-owner and co-responsible licensee of OK Trailer Holding LLC, dba - Bargain Guns, a Federal Firearms Licensee (FFL) located at 22873 State Highway 74, Purcell, Oklahoma, within the Western District of Oklahoma.  As will be shown below, there is probable

cause to believe that CARWILE has violated 18 U.S.C. § 922(m) which prohibits any licensed dealer from making a false entry in, failing to make an appropriate entry in, or failing to properly maintain, any record which he/she is required to keep pursuant to section 923. I submit this Application and Affidavit in support of a search warrant authorizing a search of OK Trailer Holding LLC, dba – Bargain Guns (SUBJECT BUSINESS) located at 22873 State Highway 74, Purcell, Oklahoma, Western District of Oklahoma, which is further described in Attachment A, for all items more particularly described in Attachment B.

4. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of a crime, contraband, fruits of a crime, or other items illegally possessed, or property designed for use, intended for use, or used in committing a crime involving the foregoing violations are presently located at the SUBJECT BUSINESS.

5. Based upon my training and experience, I know that FFLs are businesses engaged in the acquisition and disposition of firearms. FFLs are required to follow certain rules as a requirement to maintain their license from ATF. An FFL must keep track of each of their firearms in an acquisition and disposition (A&D) book, and conduct background checks on every purchaser of firearms from their business. If a person brings a firearm to the FFL to "trade in" on the purchase of a new firearm, the FFL is required to enter the "traded in" firearm into the acquisition portion of the business

A&D book. When and if the "traded in" firearm is sold by the FFL, an additional entry must be made into the disposition portion of the business A&D book. This process of acquiring and disposing of firearms within the business A&D book is the same, regardless of how a particular firearm became listed in the business firearm inventory.

6. Based on my training, I know that some FFLs have engaged in the illegal sale of firearms "off the books", meaning selling a firearm, or firearms, that do not have either an acquisition or disposition with in the business A&D book. One technique to accomplish an "off the books" sale is to acquire a firearm, or firearms, on a "trade in". This occurs when a purchaser wishes to "trade in" his/her firearm, or firearms, to the FFL and have the equity of those particular firearms taken off the purchase price of a new firearm. The FFL would then sell the purchaser the new firearm from the business inventory, and make a disposition entry in the A&D book for the firearm that was sold. The "traded in" firearm, or firearms, would then be set aside and not entered into the acquisition portion of the A&D book. The non-acquisitioned firearm, or firearms, are then sold to anyone, possibly prohibited persons by bypassing the background check requirement, because the business A&D book shows no record of an acquisition or disposition of the "off the books" sale.

**BACKGROUND OF THE INVESTIGATION**

7. On or about September 14, 2020, the ATF – Oklahoma City Field Office received information regarding the recovery of numerous firearms in Reynosa, Tamaulipas,

3

Mexico on August 25, 2020. One (1) of the firearms recovered had a time-to-crime (TTC) of twenty-nine (29) days, meaning twenty-nine (29) days from the time of initial purchase until the time of recovery in Mexico. The investigation revealed that W.F., a resident of Oklahoma City, Oklahoma, which is located within the Western District of Oklahoma, originally purchased the firearm from Academy Sports & Outdoors (Store #86) on July 27, 2020. The firearm purchased by W.F. is described as a Glock GmbH, Model 44, .22 caliber pistol, bearing serial number: AEEA642, hereafter referred to as Glock44.

8. On October 2, 2020, I conducted a consensual interview of W.F., in Oklahoma City, Oklahoma. W.F. stated that shortly after purchasing the Glock44, he found a different firearm listed for sale on Armslist.com, which was a Glock GmbH, Model 19 Gen4, 9mm caliber pistol, bearing serial number: AELF072, hereafter referred to as Glock19. W.F. stated that he contacted the telephone number attached to the Armslist.com listing, (405) 642-4216, and arranged with the seller to purchase the Glock19. W.F. further stated that he traded his Glock44 in to the seller on the purchase of the new Glock19 on or about July 31, 2020. W.F. provided me with a text message thread listing the name "Amy". In the text message thread, the purchase price of the new Glock19 was discussed as "$599.00 cash plus tax", the trade in value of the Glock44 was discussed as "$250.00 trade", as well as where W.F. had to travel to meet with the seller, 22873 State Highway 74, Purcell, Oklahoma 73080.

9. On October 2, 2020, after leaving the interview with W.F., I conducted a query of the telephone number provided by W.F., (405) 642-4216, and the address, 22873 State Highway 74, Purcell, Oklahoma 73080 through the ATF FFL database. The query shows both the telephone number and address provided by W.F. belonging to a current FFL, OK Trailer Holding LLC, dba – Bargain Guns, (405) 642-4216, 22873 State Highway 74, Purcell, Oklahoma 73080, ATF License Number: 5-73-087-01-1G-04110. The responsible parties listed on the FFL license are Amy and Kevin CARWILE.

10. On October 5, 2020, I conducted a consensual interview of Amy CARWILE at the FFL business location, 22873 State Highway 74, Purcell, Oklahoma. I informed CARWILE of the reason for the visit and requested a copy of the ATF Form 4473, Firearms Transaction Record, completed by W.F. on or about July 31, 2020. Initially, CARWILE was unable to locate the ATF Form 4473 by comparing dates within the A&D book to acquisitions of a firearm on or about July 31, 2020. I requested to assist CARWILE in looking through the A&D book. While scanning the A&D book by date, I was unable to locate an acquisition of a Glock44 on or around July 31, 2020. I was however able to locate the disposition of the Glock19, sold to W.F. on July 31, 2020. After locating the disposition of the Glock19, CARWILE was able to locate the ATF Form 4473 completed by W.F. on July 31, 2020.

11. Along with providing me with a copy of the ATF Form 4473, CARWILE also provided me with a receipt / bill of sale, listing the information on the Glock19.

CARWILE stated that W.F. did not "trade in" a firearm on the purchase of the new Glock19 because if W.F. had, the information for the "trade in" would be listed on the receipt / bill of sale. CARWILE further stated that W.F. paid $415.00 of the purchase onto his credit card, which is referenced on the receipt / bill of sale. CARWILE then flashed another piece of paper to me stating that W.F. signed and authorized the transaction onto his credit card, but did not provide me with a copy of that document. Based on the information gathered from CARWILE, I left the interview and immediately contacted W.F. for a second interview and explanation of what CARWILE told me.

12. On October 5, 2020, I conducted a follow-up interview of W.F. based on the information provided to me by CARWILE. When confronted with the information, W.F. became somewhat defensive and was adamant that he was telling me the truth. W.F. stated that he "traded in" the Glock44 on the purchase of the new Glock19. W.F. was shown the receipt / bill of sale provided by CARWILE. W.F. immediately pointed out that he paid cash for the new Glock19, not credit card, and stated that he signed the receipt / bill of sale during the purchase, as well as signing a form listing $250.00 "trade in" value of the Glock44. W.F. stated that the receipt / bill of sale had been falsified, because the math on the receipt did not add up and his signature was not on it. W.F. then provided me with a screen shot (photograph) of his online bank account showing a withdrawal of $420.00 in cash on July 31, 2020. W.F. stated that using the money he withdrew from his bank account, along with

the "trade in" value of $250.00, this information matches the initial text message thread between himself and the sellers of the Glock19.

13. On October 5, 2020, I contacted CARWILE via telephone in order to clear up some inconsistencies in her story after again speaking with W.F. CARWILE was unable to answer many of the questions I had because the questions were document / paperwork related and CARWILE stated that she did not have copies of the documents in front of her at that time. CARWILE did state that the business only has customers sign the ATF Form 4473 and the form authorizing a credit card transaction. CARWILE stated that she has never had a customer sign the receipt / bill of sale, and the business does not have a form to sign listing "trade in" allowance on firearms. I then requested a copy of the form CARWILE had earlier flashed to me, the credit card authorization form supposedly signed by W.F. CARWILE stated that she would have a copy of the form emailed to me immediately. (As of today's date, I have not received a copy of the requested document from CARWILE)

14. Prior to ending the telephone call with CARWILE, I asked her if it were possible that W.F. did in-fact "trade in" the Glock44 on the purchase of the new Glock19, but the Glock44 was not entered into the A&D book and then sold in a back door style of deal. CARWILE stated that she could not say something like that scenario has never happened, but if it did happen, the firearm would have been sold to a close family friend or someone like that. I then directly asked CARWILE if the Glock44 was sold in that manner, she stated that she truly could not remember. I then asked CARWILE which close family friend the firearm would have been sold to.

7

CARWILE would not answer the question, but she did state there are only one (1) or two (2) people that she would "trust" to do that with.

15. On October 6, 2020, I received a telephone call from CARWILE. CARWILE sounded very nervous and her voice was very shaky as she was speaking. CARWILE advised me that she and her husband, Kevin CARWILE, were speaking yesterday after she and I last spoke. CARWILE stated that they remembered W.F. did "trade in" the Glock44 on the purchase of the new Glock19, however the Glock44 was never entered into the A&D book. CARWILE advised the Glock44 was sold to a "close family friend" named M.W. CARWILE provided me with M.W.'s telephone number, but no additional information.

16. On October 19, 2020, I conducted a consensual interview of M.W. M.W. admitted to purchasing the Glock44 from CARWILE while at a gun show on or about August 1, 2020. M.W. stated that he works for CARWILE, occasionally helping out when the business sets up a booth at local gun shows. M.W. admitted to purchasing approximately seven (7) or eight (8) firearms from CARWILE over the past few years. When asked, M.W. further admitted to not filling out the ATF Form 4473 every time he purchases a firearm from CARWILE, only filling out the form "sometimes".

## CONCLUSION

17. Based on the aforementioned facts and circumstances, I believe there is probable cause to believe evidence of a violation of 18 U.S.C. § 922(m) exists at the SUBJECT BUSINESS further described in attachments A and B. The basis of this

violation is that the SUBJECT BUSINESS currently possesses falsified documents related to the hidden acquisition of firearms as evidenced by the documentation that was signed by W.F. involving the "trade in" of the Glock44, the receipt / bill of sale for the purchase of the new Glock19, and the credit card authorization document. CARWILE failed to document the acquisition of the Glock44 firearm into the SUBJECT BUSINESS A&D book in violation of 18 U.S.C. § 922(m).

18. I, therefore, respectfully request that the attached search warrant issue authorizing the search of Attachment A and seizure of the items listed in Attachment B.

_____
Jared H. Lowe
Special Agent
Bureau of Alcohol Tobacco and Firearms

Sworn and subscribed before me this __4th__ day of January, 2021.

_____
SHON T. ERWIN
United States Magistrate Judge

9